# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2245-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE D. BENAVIDEZ,

     Defendant-Appellant.

_____

Submitted September 21, 2022 – Decided October 4, 2022

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-04-0349.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose D. Benavidez pleaded guilty to first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), pursuant to a plea agreement with the State. The court denied his motion to withdraw his plea and imposed sentence in accordance with the plea agreement. On his direct appeal, an Excessive Sentence Oral Argument (ESOA) panel affirmed defendant's sentence and the order denying his plea withdrawal motion. State v. Benavidez, No. A-4612-18 (App. Div. Jan. 8, 2020).

Defendant filed a post-conviction relief (PCR) petition asserting his appellate counsel was ineffective by allowing the appeal from the order denying his plea withdrawal motion to be heard on the ESOA calendar and by failing to offer argument before the ESOA panel challenging the denial of his plea withdrawal motion. He appeals from the order denying his PCR petition. Unpersuaded by his contention the PCR court erred, we affirm.

I.

A grand jury charged defendant in an indictment with first-degree aggravated assault, N.J.S.A. 2C:14-2(a)(l) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count two); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1) (count three). Under count one,

defendant's sentencing exposure was within a range of between twenty-five years term and life imprisonment. N.J.S.A. 2C:14-2(a)(7).

Defendant pleaded guilty to first-degree aggravated sexual assault under count one pursuant to a plea bargain with the State. The State agreed to recommend an eight-year sentence, which is within the range for a second-degree offense, N.J.S.A. 2C:43-6(a)(2), subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2, Megan's Law, N.J.S.A. 2C:7-1 to -23, and the conditions of parole supervision for life, N.J.S.A. 2C:43-6.4.

During his plea proceeding, defendant testified that between January 23, 2014, and January 22, 2016, he penetrated the vagina of his wife's six-year-old granddaughter with his finger. He admitted the penetration occurred "in a sexual manner" and not for any legitimate purpose, such as cleaning or providing medical care to the child.

Defendant testified he was not forced or threatened to plead guilty, he did so of his "own free will," and he was "guilty" of the offense to which he pleaded. He further testified he "went through all the discovery with [his] lawyer," as well as the "evidence," and he had sufficient time to do so. Defendant advised the court he was "satisfied with his lawyer's advice."

3

Prior to sentencing, defendant moved to withdraw his guilty plea. In his certification supporting the motion, defendant claimed: plea counsel "refused to . . . look into" a statement made by the court "that all charges were dismissed"; plea counsel said he "would receive a greater sentence" if he did not plead; he "felt forced to plead guilty"; plea counsel said "pleading guilty was [defendant's] only option and the jury will only believe the alleged victim"; plea counsel advised defendant he "either had to plead guilty or go to trial"; plea counsel did not review discovery with him and did not assist in the preparation of the case; and plea counsel "put pressure" on him to plead guilty. Defendant also asserted he would raise a defense the victim's father "coerced her to make up the[] allegations against" him if the court allowed him to withdraw his plea and proceed to trial.

In a detailed opinion from the bench, the court noted defendant pleaded guilty on the fourth day of jury selection in his trial on the charges. The court summarized the claims set forth in defendant's supporting certification and considered defendant's motion under the four-pronged standard established in State v. Slater, 198 N.J. 145 (2009). More particularly, the court explained proper consideration of defendant's motion required the weighing and balancing of the following factors: "(1) whether the defendant has asserted a colorable

4                                                                    A-2245-20

claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157-58.

The court found defendant failed to assert a colorable claim of innocence, explaining defendant's claim he would establish at trial the victim's father coerced her into making the allegations against him constituted a conclusory assertion untethered to any "credible facts." The court also determined defendant failed to present any fair or just reasons supporting his plea withdrawal motion. The court further found defendant's testimony during the plea proceeding undermined his contrary, conclusory assertions his counsel pressured him into pleading guilty.

Additionally, the court found no support in the record for defendant's claim his counsel was ineffective by failing to address an alleged pre-plea statement by the court that all the charges against him were to be dismissed. The court explained that it reviewed all the proceedings in the matter, found no such statement concerning the dismissal of the charges, and observed defendant did not produce any evidence supporting his claim. The court also reviewed prior

court proceedings during which it was established defendant was provided with the discovery and he acknowledged he reviewed the discovery with counsel.

The court also concluded the third Slater factor — defendant's plea was entered pursuant to a plea bargain — weighed against defendant's request to withdraw his plea. The court observed defendant was fully aware he was entitled to a trial when he entered his plea because the jury selection process had begun, and defendant received the benefit of a substantial reduction in his sentencing exposure by pleading guilty to first-degree aggravated sexual assault under an agreement providing for second-degree sentencing exposure. The court also found the State would be prejudiced if the court permitted defendant to withdraw his plea because the victim-witness was very young, defendant's entry of the plea offered finality to the victim, and the victim's memory of the events would have since faded due to her young age at the time of defendant's conduct.

After determining none of the Slater factors weighed in support of defendant's withdrawal motion, the court further found defendant failed to present evidence establishing a prima facie claim of ineffective assistance of his trial counsel under the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted for application under the New Jersey

constitution in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). More particularly, the court concluded defendant failed to demonstrate his counsel was ineffective and there is a reasonable probability that but for his counsel's alleged errors, the result of his trial and plea proceeding would have been different. The court entered an order denying defendant's plea withdrawal motion and, as noted, sentenced defendant to an eight-year prison term in accordance with the plea agreement.

Defendant filed a PCR petition following his sentencing. The court subsequently dismissed the petition without prejudice to allow defendant to appeal from his sentence and denial of his plea withdrawal motion. Defendant appealed from his sentence and from the order denying his motion to withdraw his guilty plea, and the matter was scheduled on an ESOA calendar in accordance with <u>Rule</u> 2:9-11. At oral argument, defendant's counsel made a brief argument in support of defendant's appeal of his sentence, and the panel thanked defense counsel "for [his] submissions," which the court found "very helpful."[1]

---

[1] On appeal, defendant argues his appellate counsel did not make arguments supporting the challenge to the denial of the plea withdrawal motion, but defendant does not include in the record on appeal the "submissions" made by counsel on defendant's behalf that the sentencing panel noted and found "very

A-2245-20

In the order issued following oral argument, the ESOA panel explained it considered the record and argument of counsel, and it rejected defendant's challenge to his sentence. Benavidez, No. A-4612-18 (slip op. at 1). The panel also addressed defendant's appeal from the order denying defendant's plea withdrawal motion, affirming the order and "find[ing] the court did not abuse its discretion in weighing the factors under" Slater. Ibid.

Defendant filed a pro se PCR petition asserting an ineffective-assistance-of-counsel claim against his trial counsel. Defendant generally asserted trial counsel did not properly explain discovery materials, counsel "talked" him into accepting a plea agreement "under duress of trial," there was insufficient evidence supporting the charges against him, and the six-year-old victim was "coerced during the interrogation." In a supplemental certification supporting the PCR petition, defendant asserted his appellate counsel was ineffective by failing to present argument before the ESOA panel in support of the appeal from the order denying the plea withdrawal motion.

_____

helpful." Similarly, in support of defendant's PCR petition, PCR counsel submitted a certification referencing appellate counsel's submission of a "'Sentencing Categories of Excessive Sentence Appeals' (Form)," but that form is not included in the appellate record. See R. 2:6-1(a)(1)(I) (requiring the appendix prepared by the appellant or jointly by the parties include such parts of the record "as are essential to the proper consideration of the issues").

A-2245-20

At argument on the PCR petition, defendant's counsel asserted appellate counsel was ineffective by: allowing defendant's direct appeal to be heard on the ESOA calendar instead of a plenary calendar; failing to argue before the ESOA panel that the trial court erred by denying defendant's motion to withdraw his guilty plea; and failing to raise other cognizable claims on appeal. The PCR court noted defendant also argued, apparently in his brief in support of his petition, appellate counsel was ineffective by failing to argue his plea withdrawal motion should have been granted because defendant was denied his request to consult with an immigration attorney about the immigration consequences of his plea, and the trial court erred by denying the PCR petition without an evidentiary hearing.

The court rejected defendant's claims, finding defendant did not sustain his burden of demonstrating appellate counsel's performance was deficient. The court found submission to the ESOA panel of defendant's challenge to the order denying his plea withdrawal motion did not constitute deficient performance by appellate counsel because such issues are routinely decided in that manner in accordance with Rule 2:9-11.

The court also determined defendant failed to show any prejudice resulting from the submission of the issue to the ESOA panel or from counsel's

9

failure to make a specific argument addressing the issue at oral argument. The court reasoned the pre-argument form appellate counsel submitted to the ESOA panel directly challenged the order denying the plea withdrawal motion, the ESOA panel had the full record of the proceedings on the plea withdrawal motion, and the ESOA panel's order addressed the merits of defendant's challenge to the order. The court further found defendant made no showing that but for counsel's alleged errors in submitting the issue to the ESOA and not addressing the issue at oral argument, there is a reasonable probability the result of the direct appeal would have been different.

The PCR court also rejected defendant's claim appellate counsel should have argued trial counsel was ineffective by denying defendant's request to confer with an immigration attorney concerning the immigration consequences of his plea before entering the plea. The court explained the transcript of the plea proceeding undermined defendant's contention because it established plea counsel represented to the court he consulted with defendant's immigration attorney, and plea counsel directly and correctly advised defendant he would be deported as a result of his conviction of the crime — first-degree aggravated sexual assault — to which he agreed to plead guilty. Moreover, during the plea proceeding, defendant acknowledged he had been informed he would be

10

deported and understood he would be deported. The PCR court also noted defendant acknowledged, in the plea form he executed, he was subject to deportation as a result of his plea and that he had spoken to an immigration attorney about the consequences of his plea.

The court concluded defendant failed to make any showing his trial counsel's performance was deficient by allegedly denying defendant an opportunity to confer with immigration counsel or by misadvising defendant of the immigration consequences of his plea. The court also determined defendant failed to make any showing of prejudice based on his counsel's purported errors.

The court further denied defendant's claim he was entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claims. The court reasoned defendant was not entitled to an evidentiary hearing because he failed to establish a prima facie ineffective-assistance-of-counsel claim. The court entered an order denying the PCR petition.

Defendant appeals from the order, and presents the following arguments:

POINT I

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT MOVING DEFENDANT'S APPEAL FROM [THE E]SOA CALENDAR TO THE PLENARY CALENDAR AND FOR FAILING TO RAISE ISSUES WHICH PREVENTED THE COURT FROM

11

ADDRESSING, ON APPEAL, ERRORS WHICH OCCURRED BELOW.

(a) Applicable law.

(b) Appellate counsel was ineffective for allowing defendant's appeal to remain on the sentencing calendar rather than move it to the plenary calendar.

(c) Appellate counsel was ineffective for failing to adequately argue defendant's motion to withdraw his plea on appeal.

(d) Appellate counsel was ineffective for failing to challenge defendant's right to speak to his immigration attorney on issues of deportation before entering a guilty plea.

## II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply that standard here.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal

proceeding the right to the assistance of counsel in his defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

In Strickland, the Court established a two-part standard to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687. Under the first prong of the Strickland standard, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense." Id. at 687. There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial,"

State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. McDonald, 211 N.J. 4, 30 (2012), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. ____, 176 L. Ed. 2d 284, 297 (2010).

A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52. A failure to satisfy either prong of the Strickland standard requires the denial of a petition for PCR. Strickland, 466 U.S. at 700.

The Strickland standard applies where, as here, a defendant claims ineffective assistance of appellate counsel. Harris, 181 N.J. at 518. Appellate counsel will not be found ineffective if counsel's failure to appeal an issue could not have prejudiced the defendant because the reviewing court would have found, had the issue been raised on appeal, no error had occurred or any purported error was harmless. State v. Reyes, 140 N.J. 344, 365 (1995).

Defendant first argues appellate counsel was ineffective by allowing the appeal from the order denying his plea withdrawal motion to be heard on the ESOA calendar in accordance with Rule 2:9-11. We observe challenges to

14

denials of plea withdrawal motions are routinely presented and decided on ESOA calendars, and we measure the reasonableness of counsel's performance based on the prevailing professional norms "as of the time of counsel's conduct." State v. Gaitan, 209 N.J. 339, 350 (2012) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). Defendant does not point to any part of the ESOA calendaring process under Rule 2:9-11 that limited his or his counsel's ability to obtain a full and fair consideration of his challenge to the order denying his plea withdrawal motion and, as a matter of fact, defendant obtained a disposition on the merits of his claim from the ESOA panel based on its review of the plea proceedings. Benavidez, slip op. at 1. Thus, defendant failed to sustain his burden under Strickland's first prong on his claim appellate counsel was ineffective by submitting the challenge to the order denying the plea withdrawal motion to the ESOA panel; defendant did not present any evidence establishing that counsel's submission of the appeal to an ESOA panel under Rule 2:9-11 either "fell below an objective standard of reasonableness" or constituted an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Defendant also argues appellate counsel's performance was deficient by failing either to file a brief or offer oral argument before the ESOA panel

supporting his contention the trial court erred by denying his plea withdrawal motion. The record shows appellate counsel challenged the court's order denying the plea withdrawal motion, apparently in the ESOA form referenced in the trial court record but not included in the record on appeal. Indeed, it is undisputed appellate counsel challenged the validity of the order denying the plea withdrawal motion before the ESOA panel, and the panel expressly addressed the issue and decided it on the merits in the order on defendant's direct appeal. Benavidez, slip op. at 1.

Defendant's claim he is entitled to PCR because his appellate counsel failed to offer argument challenging the validity of the order denying the plea withdrawal motion lacks merit because he did not demonstrate he suffered any prejudice as a result of counsel's purported error. See State v. Roper, 378 N.J. Super. 236, 237 (App. Div. 2005) (observing if a legal argument "had no merit, then defendant would be unable to establish the 'prejudice prong' of the ineffective assistance of counsel standard established by Strickland"). A counsel's performance is not deficient by failing to make a meritless argument. See generally State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ."); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise

16

unsuccessful legal arguments does not constitute ineffective assistance of counsel."); State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745 (1983)) (explaining "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant").

For the reasons explained first by the trial court, and then by the PCR court, we find no merit in defendant's claim he demonstrated an entitlement to withdraw his guilty plea under the Slater standard. He did not present facts establishing a colorable claim of innocence, he failed to offer any fair and just reasons for his withdrawal request, and he entered his plea pursuant to an advantageous plea bargain. See Slater, 198 N.J. at 157-58. The State was not required to demonstrate prejudice because defendant failed to establish the other Slater factors. See id. at 162 (explaining a showing of prejudice is not required "if a defendant fails to offer proof of other factors in support of the withdrawal of a plea.").

In sum, the record is devoid of any evidence supporting defendant's plea withdrawal motion, and defendant failed to proffer any meritorious arguments based on the Slater factors that appellate counsel might have asserted in support of the challenge to the order denying his plea withdrawal motion. In that failure,

17

defendant did not carry his burden under Strickland's second prong of establishing a reasonable probability that had appellate counsel offered some argument in support of the challenge to the order denying the plea withdrawal motion, the result of defendant's direct appeal from the order would have been different. See Strickland, 466 U.S. at 694. The PCR court correctly denied the PCR claim on that basis.

Defendant also argues the PCR court erred by rejecting his claim appellate counsel was ineffective by failing to argue before the ESOA panel that the plea withdrawal motion should have been granted because defendant trial counsel denied defendant the opportunity to confer with immigration counsel. The argument lacks sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we affirm the PCR court's rejection of the argument for the reasons set forth in its thoughtful and detailed opinion from the bench.

We only add, again, appellate counsel's performance was not deficient under Strickland's first prong by failing to make a groundless argument plea counsel did not allow defendant to confer with immigration counsel. Roper, 378 N.J. Super. at 237. The claim is undermined by the record of the plea proceeding, the PCR court's well-supported and unchallenged findings defendant had numerous opportunities to confer with immigration counsel prior

to entry of his plea, and defendant's responses to the questions on the plea form concerning his opportunity to confer with immigration counsel.

Moreover, during the plea proceeding counsel directly, and correctly, advised defendant that entry of his plea to first-degree aggravated sexual assault would result in deportation. Defendant does not contend otherwise. Trial counsel's performance was not constitutionally deficient under Strickland's first prong by providing correct advice concerning the immigration consequences of defendant's plea. See Padilla, 559 U.S. at ____, 176 L. Ed. 2d at 295-96 (explaining where "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence[s]," then an attorney is obliged to be "equally clear"); see also Nuñez-Valdéz, 200 N.J. at 138 (explaining plea counsel's performance is deficient under the first prong of the Strickland standard where counsel "provides false or misleading information concerning the deportation consequences of a plea of guilty.") and State v. Blake, 444 N.J. Super. 285, 296 (App. Div. 2016) (quoting Gaitan, 209 N.J. at 380) (finding counsel's failure "to point out to a noncitizen client that he or she is pleading to a mandatorily removable offense" "constitutes 'deficient performance of counsel.'").

19

The record offered no support for a meritorious argument on defendant's direct appeal that plea counsel's performance was deficient under Strickland's first prong based on any alleged failure of plea counsel to offer defendant an opportunity to confer with immigration counsel. The PCR court correctly rejected defendant's PCR claim on that basis alone. See Strickland, 466 U.S. at 687 (holding a failure to satisfy either prong of the Strickland standard requires denial of an ineffective assistance of counsel PCR claim); Nash, 212 N.J at 542 (same).

We also reject defendant's claim appellate counsel should have argued the trial court erred by denying the plea withdrawal motion based on issues related to the immigration consequences of his plea for a separate but equally dispositive reason. The plea withdrawal motion record is bereft of any evidence that had defendant not allegedly been deprived of an opportunity to confer with immigration counsel, there is "a reasonable probability that, but for his [plea] counsel's [purported] error[], [he] would not have pleaded guilty and would have insisted on going to trial," State v. O'Donnell, 435 N.J. Super. 351, 376 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)), and "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so,"

20

State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla, 559 U.S. at ____, 176 L. Ed. 2d at 297). Lacking such evidence, and because defendant was required to make such a showing to satisfy his burden on his plea withdrawal motion, O'Donnell, 435 N.J. Super. at 376; Maldon, 422 N.J. Super. at 486, appellate counsel simply could not make a meritorious argument supporting a challenge to the order denying the plea withdrawal motion. In sum, appellate counsel's performance was not deficient under Strickland's first prong, and defendant suffered no prejudice under Strickland's second prong, due to appellate counsel's failure to make a wholly meritless argument challenging the order denying defendant's plea withdrawal motion.

Defendant also argues the court erred by denying the PCR petition without an evidentiary hearing. We reject the argument because an evidentiary hearing is not required on a PCR petition where defendant does not sustain his burden of establishing a prima facie ineffective assistance of counsel claim. State v. Porter, 216 N.J. 343, 355 (2013); R. 3:22-10(b). That is the case here.

We have considered all the arguments presented on defendant's behalf and, to the extent we have not expressly addressed any of those arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

22